JUDGE CAPRONI

**14 CV 5683**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SAGI GENGER,

                              Plaintiff,

          -against-                          **COMPLAINT**

ORLY GENGER,

                              Defendants.
------------------------------------------------------------X

Plaintiff Sagi Genger ("Plaintiff"), by and through his attorneys, Morgan, Lewis & Bockius LLP, as and for his Complaint against Defendant Orly Genger ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action against Orly Genger for compensatory damages arising from Defendant's breach of an indemnification obligation pursuant to which Defendant agreed to indemnify and reimburse Plaintiff for 50% of all monies paid by Plaintiff to their mother, Dalia Genger ("Dalia"), in connection with their promise to support Dalia from the shares of Trans-Resource Inc. ("TRI") received in connection with the divorce of their parents, Dalia and Arie Genger ("Arie").

2. Plaintiff seeks compensatory damages for Defendant's breach of her indemnification obligations, which has caused damages to Plaintiff in an amount in excess of $100,000.

## THE PARTIES

3. Plaintiff Sagi Genger is an individual who resides and is domiciled in Connecticut.

4. Defendant Orly Genger is an individual who resides and is domiciled in New York.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because the controversy is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

6. This Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 301 because she resides within the state of New York.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the transactions and occurrences that form the basis of this dispute took place in this District.

## FACTUAL BACKGROUND

8. In October 2004, Dalia and Arie divorced. In connection with the divorce, Plaintiff and Defendant received a total of 794.40 shares of TRI, or beneficial interests in those shares, by trusts for their benefit. In consideration of their receipt of those shares and other valuable consideration, Dalia gave up valuable marital rights and obtained an agreement from Plaintiff and Defendant that they would support her from time to time.

9. That agreement was later reflected in two written documents. Specifically, in connection with the divorce and their receipt of shares of TRI:

    (a) pursuant to a co-signed letter dated October 30, 2004 (the "Oct. 30, 2004 Promise Agreement"), Plaintiff agreed to pay Dalia an amount equal to all dividends, distributions, proceeds or other payments attributable to the shares of TRI that were received by Plaintiff and Defendant (or any trust

2

for the benefit of either of them), or any lesser amount demanded by Dalia; and

(b) pursuant to a related, co-signed letter dated November 10, 2004 (the "Nov. 10, 2004 Indemnity"), Defendant agreed to "indemnify, defend, and hold [Plaintiff] harmless, for and against one-half (1/2) of any and all payments, liabilities, damages, claims, actions, losses, settlements, penalties, judgments or obligations (each a 'Claim'), including [Plaintiff's] reasonable counsel and other professional fees, expenses and costs, which arise from [Plaintiff's] undertakings in the [Oct. 30, 2004 Promise]."

Copies of the Oct. 30, 2004 Promise and the Nov. 10, 2004 Indemnity are attached hereto as Exhibits "A" and "B," respectively.

10. On or about January 22, 2014, Dalia demanded $200,000 from Plaintiff under the Oct. 30, 2004 Promise.

11. In response to Dalia's demand, Plaintiff paid Dalia $200,000.

12. On February 17, 2014, Plaintiff demanded $100,000 (equal to one-half the amount paid by Plaintiff to Dalia) from Defendant under the Nov. 10, 2004 Indemnity.

13. Defendant has refused to indemnify and reimburse Plaintiff in the amount of $100,000 under the Nov. 10, 2004 Indemnity.

14. Plaintiff has incurred legal fees and expenses in seeking to recover under the Nov. 10, 2004 Indemnity.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

15. Plaintiff repeats and realleges each and every one of the allegations contained in Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Plaintiff, Defendant, and Dalia entered into the Oct. 30, 2004 Promise.

17. Plaintiff performed all of his obligations under the Oct. 30, 2004 Promise.

18. As part of the same overall agreement, Plaintiff and Defendant entered into the related Nov. 10, 2004 Indemnity.

19. Plaintiff performed all of his obligations under the related Nov. 10, 2004 Indemnity.

20. On or about January 22, 2014, Dalia demanded $200,000 from Plaintiff under the Oct. 30, 2004 Promise.

21. In response to Dalia's demand, Plaintiff paid Dalia $200,000.

22. On or about February 17, 2014, Plaintiff demanded $100,000 (equal to one-half the amount paid by Plaintiff to Dalia) from Defendant under the Nov. 10, 2004 Indemnity.

23. To date, Defendant has refused to indemnify and reimburse Plaintiff in the amount of $100,000 under the Nov. 10, 2004 Indemnity.

24. Plaintiff has incurred legal fees and expenses in seeking to recover under the Nov. 10, 2004 Indemnity.

25. As a result of the acts and omissions of Defendant as alleged above, Defendant breached the Nov. 10, 2004 Indemnity.

26. Defendant's breach of the Nov. 10, 2004 Indemnity was beyond the control of, and was through no fault or negligence of, Plaintiff.

27. As a result of this breach, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than $100,000, plus interest and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Promissory Estoppel)

28. Plaintiff repeats and realleges each and every one of the allegations contained in Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. As stated above, prior to Plaintiff's execution of the Oct. 30, 2004 Promise, Defendant agreed that she would indemnify Plaintiff for 50% of his support obligation to Dalia under the Oct. 30, 2014 Promise, which agreement was later reduced to writing in the Nov. 10, 2014 Indemnity."

30. Plaintiff reasonably and foreseeably relied on the foregoing promise in executing the Oct. 30, 2004 Promise and in paying Dalia $200,000 thereunder.

31. Defendant is estopped from denying the foregoing promise to Plaintiff, which is reflected in the Nov. 10, 2014 Indemnity.

32. By reason of the foregoing, Plaintiff sustained an injury in reasonable and foreseeable reliance of Defendant's promise and Plaintiff is entitled to recover from Defendant in an amount to be proven at trial, but in no event less than $100,000, plus interest and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests a judgment against Defendant:

(a) granting Plaintiff judgment against Defendant on Plaintiff's causes of action for breach of contract and/or promissory estoppel;

(b) awarding Plaintiff damages in an amount to be proven at trial; and

(c) granting Plaintiff such other, further and/or different relief as the Court may deem just and proper.

Dated: New York, New York
       July 24, 2014

MORGAN, LEWIS & BOCKIUS LLP

By _____
    John Dellaportas
    jdellaportas@morganlewis.com
    Nicholas Schretzman
    nschretzman@morganlewis.com
    Mary C. Pennisi
    mpennisi@morganlewis.com
101 Park Avenue
New York, New York 10178-0060
Phone: 212-309-6000
Fax: 212-309-6001

*Attorneys for Plaintiff Sagi Genger*