UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

SAGI GENGER,

                            Plaintiff,

              – against –

ORLY GENGER

                           Defendant.

1:14-cv-05683 (KBF)

------------------------------------------------------------------ x

**PLAINTIFF SAGI GENGER'S**
**RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Sagi Genger ("Sagi") hereby submits this Local Rule 56.1 Statement of Undisputed Material Facts in Support of his Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, and the individual rules of this Court.

      1.      On October 30, 2004, Dalia Genger ("Dalia") and Arie Genger consummated a stipulation of settlement finalizing the terms of their divorce settlement (the "Stipulation"). *See* Declaration of Mary C. Pennisi, sworn to and dated October 20, 2014 ("Pennisi Decl."), Exh. L.[1] Under the terms of the Stipulation, Dalia agreed to relinquish her interest in her shares to two trusts for the benefit of her son, Sagi, and her daughter, defendant Orly Genger ("Orly"), a total of 794.40 shares of Trans-Resources, Inc. (the "TRI Shares"). *Id.*; *see also id.* Exh. A, Tr. 23:10-23:13.

---

[1]    The Declaration of David Parnes, executed and filed at 1:14-cv-01006-KBF (Dkt. No. 20) on May 29, 2014 ("Parnes Decl."), along with the Declaration of Sagi Genger, executed and filed at *id.* (Dkt. No. 23) on May 29, 2014 ("May 29 Sagi Decl."), the Declaration of Dennis Ryan, executed filed at *id.* (Dkt. No. 21) on May 29, 2014 ("Ryan Decl."), the Declaration of Sagi Genger, executed on July 7, 2014 and filed at *id.* (Dkt. No. 45) ("July 7 Sagi Decl."), and the Declaration of Dalia Genger, executed on July 7, 2014 and filed at *id.* (Dkt. No. 46) ("Dalia Decl."), are annexed to the Pennisi Declaration filed herein as Exhibits H, I, J, K, and D, respectively. They are defined herein separately for ease of reference.

-1-

2.     In order to induce Dalia to execute the Stipulation, Sagi and Orly promised to Dalia that they would make payments to her from time to time to support her lifestyle, based on the economic value that the two trusts received from the TRI Shares.  Parnes Decl. "A" & ¶¶ 4-9

3.     At the closing of the aforementioned Stipulation, Sagi executed a written document dated October 30, 2004 (the "Oct. 30, 2004 Promise Agreement") reflecting his oral promise to his mother.  Parnes Decl. "C."  Specifically, he agreed, upon demand, to pay Dalia an amount equal to all dividends, distributions, proceeds or other payments attributable to the TRI Shares.  *Id.*

4.     Orly was on a yacht off of the coast of Fiji on October 30, 2004.  Before Sagi executed the Oct. 30, 2004 Promise Agreement, Orly verbally agreed to indemnify Sagi for 50% of any payments he would have to make thereunder.  Orly thereafter returned to the United States in early November 2004.  *See* Parnes Decl. ¶ 5; Pennisi Decl., Exh "A," Tr. 30:8-30:18; Tr. 43:18-43:22; *Id.*, Exh. "G" at 0008-0010, Exh. "A.," Tr. 29:18-29:21 (Orly told Sagi: "if that's what moves the ball forward, it should be done; and that … she'd back me, obviously 50-50 on whatever we had to do"); Tr. 32:10-32:12 ("I read [the Nov. 10, 2004 Indemnity] to her, she said, 'Fine, whatever it is I'll back – backstop you 50-50.'"); Tr. 98:12-99:16 ("She said to me, 'Obviously whatever you think is correct and that it's 50-50 between us … if that's what mom wants and it gets it closed, that's what we'll do.'").

5.     Following her return to the United States, Orly executed a written document dated November 10, 2004 (the "Nov. 10, 2004 Indemnity") reflecting her earlier oral promises to her mother and Sagi.  *See* Parnes Decl., ¶¶ 8-9, Exhs. "A" through "C."  Specifically, Orly agreed to "indemnify, defend, and hold [Sagi] harmless, for and against one-half (1/2) of any and all payments, liabilities, damages, claims, actions, losses, settlements, penalties, judgments or

obligations (each a 'Claim'), including [Sagi's] reasonable counsel and other professional fees, expenses and costs, which arise from [Sagi's] undertakings in the [Oct. 30, 2004 Promise]." *Id.*, Exh. "B" and ¶ 9.

6. On or about January 22, 2014, Dalia demanded $200,000 from Sagi under the Oct. 30, 2004 Promise (the "Demand"). *See* May 29 Sagi Decl., Exh. "D."

7. On January 23, 2014, Sagi notified Orly of the Demand and his intention to pay the Demand. *See id.*, ¶ 6 and Exh. "D;" July 7 Sagi Decl. ¶ 7.

8. On January 24, 2014, Orly's counsel, Lance G. Harris, Esq., sent an email referencing that notice, and requested a written copy of Dalia's demand:

> Clearly, the newly provided documents . . . require review and consideration on our part. To that end – can you provide me with original of the documents provided and a copy of the Dalia demand under the "promise."

Pennisi Decl., Exh. F.

9. In response to Dalia's demand, Sagi paid Dalia $200,000. *See* Pennisi Decl., Exh. "A," Tr. 124:23-125-16; July 7 Sagi Decl., ¶ 9 and Exh. H; *see also* Dalia Decl. ¶ 2.

10. On February 17, 2014, Sagi demanded $100,000 (equal to one-half the amount paid by Sagi to Dalia) from Orly under the Nov. 10, 2004 Indemnity. May 29 Sagi Decl., Exh. "E."

11. To date, Orly has refused to reimburse Sagi in the amount of $100,000 under the Nov. 10, 2004 Indemnity. *Id.* Instead, she has denied the existence of the Nov. 10, 2004 Indemnity, and her counsel has alleged in open court that the document is a "forgery."

-4-

Dated: New York, New York
     October 20, 2014                                   */s/ John Dellaportas*
                                                   John Dellaportas
                                                   Nicholas Schretzman
                                                   Mary C. Pennisi
                                                  Morgan, Lewis & Bockius, LLP
                                                 101 Park Avenue
                                                 New York, NY  10178
                                                 Tel:  (212) 309-6000
                                                 Fax: (212) 309-6001
                                                 jdellaportas@morganlewis.com
                                                 mpennisi@morganlewis.com