UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

SAGI GENGER,                                              :
                                                          :
                                      Plaintiff,          :      1:14-cv-05683 (KBF)
                                                          :
                   -against-                              :
                                                          :
ORLY GENGER,                                              :
                                                          :
                                      Defendant.          :
                                                          X
------------------------------------------------------------------ X

## DECLARATION OF JOHN DELLAPORTAS, ESQ.

I, John Dellaportas, Esq., pursuant to 28 U.S.C. § 1746(2), hereby declares under penalty of perjury that the foregoing is true and correct:

1.      I am a member of the firm of Morgan, Lewis & Bockius, LLP, counsel for plaintiff Sagi Genger ("Sagi") in the above-captioned action.   I respectfully submit this declaration in opposition to Orly Genger's Motion for Summary Judgment.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the deposition transcript of Sagi Genger, dated March 20, 2014.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Declaration of David Parnes, executed and filed at 1:14-cv-01006-KBF (Dkt. No. 20) on May 29, 2014, with exhibits attached thereto.

4.      Attached hereto as **Exhibit C** is a true and correct copy of the Declaration of Sagi Genger, executed and filed at *id.* (Dkt. No. 23) on May 29, 2014, with exhibits attached thereto.

5.      Attached hereto as **Exhibit D** is a true and correct copy of the Declaration of Dennis Ryan, executed filed at *id.* (Dkt. No. 21) on May 29, 2014, with exhibits attached thereto.

6.    Attached hereto as **Exhibit E** is a true and correct copy of the Declaration of Sagi Genger, executed and filed at *id.* (Dkt. No. 45) on July 7, 2014, with exhibits attached thereto.

7.    Attached hereto as **Exhibit F** is a true and correct copy of the Declaration of Dalia Genger, executed and filed at *id.* (Dkt. No. 46) on July 7, 2014.

8.    Attached hereto as **Exhibit G** is a true and correct copy of the Settlement of Stipulation and Divorce Judgment, dated January 7, 2005.

9.    Attached hereto as **Exhibit H** is a true and correct copy of a true and correct copy of relevant excerpts from the deposition transcript of Orly Genger, dated March 1, 2012.

10.    Attached hereto as **Exhibit I** is a true and correct copy of the Final Arbitration Award of E. Leo Milonas, dated May 6, 2008, in the arbitration captioned *Dalia Genger v. Arie Genger* (AAA Case No. 13 170 Y 00996 07).

11.    Attached hereto as **Exhibit J** is a true and correct copy of the Appellate Division, First Department's Decision and Order entered in *Genger v. Genger*, 121 A.D.3d 270 (1st Dep't 2014).

12.    Attached hereto as **Exhibit K** is a true and correct copy of the deposition transcript of Orly Genger, dated February 14, 2014.

13.    Attached hereto as **Exhibit L** is a true and correct copy of the Declaration of Orly Genger, executed on June 27, 2014 and filed at 1:14-cv-01006 (Dkt. No. 35).

14.    Attached hereto as **Exhibit M** is a true and correct copy of the Honorable John F. Keenan's Opinion and Order issued in *Glenclova Inv. Co. v. Trans-Res., Inc.*, 874 F. Supp. 2d 292 (S.D.N.Y. 2012).

15.    Attached hereto as **Exhibit N** is a true and correct copy of the Divorce Stipulation between Arie Genger and Dalia Genger, fully executed on October 30, 2004.

16.     Attached hereto as **Exhibit O** is a true and correct copy of the TPR Investment Associates, Inc. Shareholders Agreement, dated as of October 30, 2004.

17.     Attached hereto as **Exhibit P** is a true and correct copy of the Stock Purchase Agreement, dated as of August 22, 2008.

18.     Attached hereto as **Exhibit Q** is a true and correct copy of the Delaware Chancery Court's opinion issued in *TR Investors, LLC v. Genger*, No. CIV. A. 3994-VCS, 2009 WL 4696062 (Del. Ch. Dec. 9, 2009), *aff'd*, 26 A.3d 180 (Del. Ch. 2011).

19.     Attached hereto as **Exhibit R** is a true and correct copy of the Memorandum Opinion of Chancellor Leo Strine of the Delaware Court of Chancery in *TR Invs., LLC v. Genger*, C.A. No. 3994-VCS, 2010 WL 2901704 (Del Ch. July 23, 2010).

20.     Attached hereto as **Exhibit S** is a true and correct copy of the Delaware Chancery Court's Side Letter Opinion issued in *TR Investors, LLC v. Genger*, No. CIV. A. 3994-VCS, 2010 WL 3279385 (Del. Ch. Aug. 9, 2010), *rev'd*, 26 A.3d 180 (Del. 2011).

21.     Attached hereto as **Exhibit T** is a true and correct copy of the Delaware Supreme Court's Opinion issued in *Genger v. TR Investors, LLC*, 26 A.3d 180 (Del. 2011).

22.     Attached hereto as **Exhibit U** is a true and correct copy of the Delaware Chancery Court's Revised Final Judgment Order (Del. Ch. Ct. Aug. 19, 2011).

23.     Attached hereto as **Exhibit V** is a true and correct copy of the Delaware Chancery Court's Memorandum Opinion, dated February 18, 2013 in *TR Investors, LLC et al v. A. Genger*, C.A. No. 6697-CS, 2013 WL 603164 (Feb. 18, 2013).

24.     Attached hereto as **Exhibit W** is a true and correct copy of the Final Judgment Order of Chancellor Leo Strine of the Delaware Court of Chancery, in *TR Investors, LLC et al. v. A. Genger et al.*, C.A. 6697-CS, dated March 1, 2013.

25.     Attached hereto as **Exhibit X** is a true and correct copy of the Third Amended Complaint filed in *Arie Genger and Orly Genger v. Sagi Genger, et al.*, No. 651089/2010, NYSCEF 112 (N.Y. Sup. Ct. N.Y. Cnty. Sept. 20, 2011) without exhibits.

26.     Attached hereto as **Exhibit Y** is a true and correct copy of the Stipulation of Settlement between Orly Genger and the Trump Group entered at No. 651089/2010, NYSCEF 471 at 2 (N.Y. Sup. Ct. N.Y. Cnty. June 19, 2013).

27.     Attached hereto as **Exhibit Z** is a true and correct copy of the Amended Decision and Order of Justice Barbara Jaffe at IAS Part 12 of the Supreme Court of the State of New York, New York County, in *Genger v. Genger*, 38 Misc. 3d 1213(A) (Sup. Ct. N.Y. Cnty. 2013), dated and filed on January 2, 2013.

28.     Attached hereto as **Exhibit AA** is a true and correct copy of the Honorable John F. Keenan's Opinion and Order issued in *TPR Inv. Associates, Inc. v. Pedowitz & Meister LLP*, No. 13 CIV. 8243 JFK, 2014 WL 1979932 (S.D.N.Y. May 15, 2014).

29.     Attached hereto as **Exhibit BB** is a true and correct copy of the Complaint filed in *TPR Inv. Associates, Inc. v. Pedowitz & Meister LLP*, No. 13 CIV. 8243 JFK (Dkt. No. 1), dated November 18, 2013, without exhibits attached thereto.

30.     Attached hereto as **Exhibit CC** is a true and correct copy of the Memorandum of Law filed by TPR in support of its motion for summary judgment in in *TPR Inv. Associates, Inc. v. Pedowitz & Meister LLP*, No. 13 CIV. 8243 JFK (Dkt. No. 19).

31.     Attached hereto as **Exhibit DD** is a true and correct copy of the Reply Memorandum of Law filed by TPR in support of its motion for summary judgment in *TPR Inv. Associates, Inc. v. Pedowitz & Meister LLP*, No. 13 CIV. 8243 JFK (Dkt. No. 22).

32.     Attached hereto as **Exhibit EE** is a true and correct copy of the Complaint filed by Sagi Genger herein and dated July 24, 2014.

33.     Attached hereto as **Exhibit FF** is a true and correct copy of a memorandum from Sagi Genger to Arie Genger and Dalia Genger, dated November 14, 2006.

34.     Attached hereto as **Exhibit GG** is a true and correct copy of excerpts from Status Conference and Rulings of the Court in *Dalia Genger v. TR Investors, LLC et al.*, No. 6906-CS (Del. Ch. Ct. Aug. 1, 2013).

35.     Attached hereto as **Exhibit HH** is a true and correct copy of the Third Party Complaint filed in *Arie Genger, et al. v. Sagi Genger, et al.*, No. 651089/2010, NYSCEF Doc. No. 432 (Sup. Ct. April 25, 2013).

36.     Attached hereto as **Exhibit II** is a true and correct copy of the th Sagi Trust's and TPR's Memorandum of Law in Opposition to the Trump Group's Motion to Dismiss filed in *Arie Genger, et al. v. Sagi Genger, et al.*, No. 651089/2010, NYSCEF Doc. No. 844 (Sup. Ct. Mar. 28, 2013).

37.     Attached hereto as **Exhibit JJ** is a true and correct copy of a Decision and Order, dated May 21, 2014 and issued by the Honorable Barbara Jaffe of IAS Part 12 in the New York State Supreme Court, New York County.

38.     Attached hereto as **Exhibit LL** is a true and correct copy of the Decision and Order of the New York County Supreme Court, dated March 20, 2014 in *Arie Genger and Orly Genger v. Sagi Genger et al.*, No. 651089/2010.

39.     Attached hereto as **Exhibit MM** is a true and correct copy of submission made by William B. Wachtel, Esq., on behalf of Orly Genger, to the Honorable Leo E. Strine, Jr., dated August 12, and 26, 2013 in the case of *Dalia Genger v. TR Investors LLC, et al.*, C.A. 6906-CS.

On page 2 of his August 12, 2006 submission, Mr. Wachtel: (a) confirms that "Orly has acknowledged individually and in her capacity as the beneficiary of her trust that the Trump Group are the record and beneficial owners of the TRI shares which had been distributed to the Orly Trust"; and (b) refers to "the monetary proceeds of [Orly's] settlement with the Trump Group."

40.     Attached hereto as **Exhibit NN** is a true and correct copy of the Reply Declaration of John Dellaportas, dated July 7, 2014 and filed at 1:14-cv-01006-KBF (Dkt. No. 44).

41.     Attached hereto as **Exhibit PP** is a true and correct copy of the Deposition of Orly Genger in *Orly Genger v. Sagi Genger*, No. 100697/08 (Sup. Ct. N.Y. Cnty.) taken on May 9, 2012.

42.     Attached hereto as **Exhibit SS** is a true and correct copy of an email chain between Dentons US LLP and John Dellaportas, dated October 15, 2014, in which Edward J. Reich of Dentontons states that he is able to "authenticate the word doc" of the Nov. 10, 2014 Indemnity.

43.     Attached hereto as **Exhibit VV** is a true and correct copy of this Court's Order, dated October 7, 2004 and filed at 1:14-cv-05683 (Dkt. No. 26).

44.     Attached hereto as **Exhibit YY** is a true and correct copy of the Letter Agreement dated August 22, 2008 between TPR and the Trump Group.

45.     Attached hereto as **Exhibit AAA** is a true and correct copy of the Oct. 30, 2004 Promise.

46.     Attached hereto as **Exhibit BBB** is a true and correct copy of the Nov. 10, 2004 Indemnity.

47.     Attached hereto as **Exhibit CCC** is a true and correct copy of Orly Genger's artist CV, *available at* http://orlygenger.com/cv/ (last accessed Aug. 13, 2014).

48.     Attached hereto as **Exhibit DDD** is a true and correct copy of the First Department, Appellate Division's Decision and Order in *Genger v. Genger*, 107 A.D.3d 576 (1st Dep't 2013).

49.     Attached hereto as **Exhibit EEE** is a true and correct copy of the Escrow Agreement, dated September, 2010.

50.     Attached hereto as **Exhibit FFF** is a true and correct copy of an e-mail exchange between Yoav Griver, Esq. and Mary C. Pennisi, Esq., dated July 28, 2014.

51.     Attached hereto as **Exhibit GGG** is a true and correct copy of the April 29, 2014 hearing transcript on Orly Genger's motion to dismiss and TPR's cross-motion for summary judgment in *TPR Inv. Associates, Inc. v. Pedowitz & Meister LLP*, No. 13 CIV. 8243 JFK (S.D.N.Y.) before the Honorable John F. Keenan.

52.     Attached hereto as **Exhibit HHH** is a true and correct copy of the Stipulation and Proposed Order of Dismissal, so-ordered by Chancellor Leo Strine of the Delaware Court of Chancery in *Dalia Genger v. TR Investors, LLC et al.*, C.A. No. 6906-CS, dated August 30, 2013.

53.     Attached hereto as **Exhibit III** is a true and correct copy of is a true and correct copy of the Letter from Yoav Griver to this Court, dated and filed at 1:14-cv-05683 (Dkt. No. 25) on October 3, 2014, without exhibits.

54.     Attached hereto as **Exhibit JJJ** is a true and correct copy of the Verified Petition filed by Orly Genger in *Matter Of An Article 77 Proceeding Orly Genger, as beneficiary of the*

*Orly Genger 1993 Trust*, Index No. 161812/2013 before the Honorable Barbara Jaffe in IAS Part 12 of the Supreme Court of New York County.

55.      Attached hereto as **Exhibit KKK** is a true and correct copy of the Decision and Order entered by the First Department, Appellate Division, on October 23, 2014, denying Orly's motion for reargument of or, in the alternative, leave to appeal to the Court of Appeals from the decision and order entered by the First Department Appellate Division on July 24, 2014.

56.      Attached hereto as **Exhibit LLL** is a true and correct copy of "Inaugural Miami Project Debuts with Big Buzz and Strong Sales -- NewFair Deemed Resounding Success by Collectors, Curators and Art Enthusiasts Alike," *PRWeb Newswire* (Dec. 17, 2012).

57.      Attached hereto as **Exhibit MMM** is a true and correct copy of an e-mail from Deborah Kempf to Sagi Genger dated November 10, 2004, attaching a draft of the Nov. 10, 2004 indemnity. *See* Exh. SS.

58.      After claiming the documents were a forgery in April 2014, Orly retained an ink expert, who examined both the Oct. 30, 2014 Promise and Nov. 10, 2014 Indemnity on October 30, 2014. Orly has produced no report questioning either document's genuineness.

59.      Over the Summer of 2014, Sagi's counsel offered Orly's counsel access to examine both documents and an opportunity for Orly's expert to analyze it, but Orly's counsel declined to do so until September 2014. *See* Exh. FFF. Orly's handwriting expert spent two days analyzing both the Oct. 30, 2014 Promise and Nov. 10, 2014 Indemnity on or about September 25, 2014 and October 2, 2014. Orly has produced no report concluding either were unauthentic or forgeries.

Executed on:  New York, New York
                       November 14, 2014

_____
JOHN DELLAPORTAS