UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| SAGI GENGER, | Civ. No.: 14-5683 (KBF) |
| Plaintiff, | |
| v. | **DEFENDANT ORLY GENGER'S RESPONSE TO PLAINTIFF SAGI GENGER'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** |
| ORLY GENGER, | |
| Defendant. | |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56.1, and the Court's individual rules, defendant Orly Genger ("Orly") respectfully submits her responses to Plaintiff Sagi Genger's Rule 56.1 Statement of Undisputed Material Facts as follows:

| # | Plaintiff's Alleged Undisputed Fact | Response |
|---|---|---|
| 1. | On October 30, 2004, Dalia Genger ("Dalia") and Arie Genger consummated a stipulation of settlement finalizing the terms of their divorce settlement (the "Stipulation"). *See* Declaration of Mary C. Pennisi, sworn to and dated October 20, 2014 ("Pennisi Decl."), Exh. L. Under the terms of the Stipulation, Dalia agreed to relinquish her interest in her shares to two trusts for the benefit of her son, Sagi, and her daughter, defendant Orly Genger ("Orly"), a total of 794.40 shares of Trans-Resources, Inc. (the "TRI Shares"). *Id.*; *see also id.* Exh. A, Tr. 23:1023:13. | First Sentence Undisputed. Second Sentence Undisputed But Irrelevant. After the Divorce Stipulation was signed, Sagi has argued that the transfers of TRI Shares were void and, as a result, TPR owned the shares. *See* Orly Counterstatement of Material Undisputed Fact ¶¶ 55-69 and referenced Reply Decl.[1], Exs. 68-76. Sagi negotiated the sale of the TRI Shares on behalf of TPR and has successfully claimed that TPR owns the TRI Shares and the proceeds from the shares. Orly Counterstatement of Material Undisputed Fact ¶¶ 55-69 and referenced Reply Decl., Exs. 68-76. |
| 2. | In order to induce Dalia to execute the Stipulation, Sagi and Orly promised to Dalia that they would make payments to | Disputed. Neither the Divorce Stipulation nor the attached exhibits contain any reference to any promise by Sagi and/or |

---

[1] "Reply Decl." means the accompanying Declaration of Bryan D. Leinbach dated November 14, 2014.

| # | Plaintiff's Alleged Undisputed Fact | Response |
|---|---|---|
| | her from time to time to support her lifestyle, based on the economic value that the two trusts received from the TRI Shares. Parnes Decl. "A" & ¶¶ 4-9 | Orly to support Dalia's lifestyle (the "Clawback") as being necessary to Dalia's execution of the Divorce Stipulation.[2] Divorce Stipulation With Exhibits (Reply Decl., Ex. 65). To the contrary, the Divorce Stipulation contains an "Entire Understanding" Clause that bars integration of the Sagi Promise Document. Divorce Stipulation, p. 53 (Leinbach Decl.[3] Ex. 12).<br><br>An early draft divorce stipulation contained a provision that would have allowed Dalia to seek "an amount equal to 412.5 shares of TRI Stock." 9/27/04 Draft Stipulation at p. 13 (Reply Decl., Ex. 66). This provision was removed from later drafts divorce stipulations. 10/13/04 Draft Stipulation at 13 (Reply Decl., Ex. 67). The above-mentioned language is not part of the final Divorce Stipulation that was signed. Divorce Stipulation, pp. 12-14 (Leinbach Decl., Ex. 12).<br><br>The Sagi Promise Document is unambiguous, is only signed by Sagi, and not Orly, and does not refer to any promise by Orly. Sagi Promise Document, Operative Complaint, Ex. A (Leinbach Decl., Ex. 1).<br><br>None of the lawyers representing Dalia in her divorce or in connection with the Divorce Stipulation had any documents relating to the Sagi Promise Document. None of the lawyers have any memory of the Sagi Promise Document. See Schepp Subpoena; Schepp Responses to |

---

[2] Defined terms in Orly's responses shall have the same meaning as those set forth in Orly's Rule 56.1 Statement, unless otherwise defined herein.
[3] "Leinbach Decl." refers to the Declaration of Bryan D. Leinbach in support of Orly's motion for Summary Judgment dated October 20, 2014 and attached exhibits [Docket Nos. 39-43].

| # | Plaintiff's Alleged Undisputed Fact | Response |
|---|---|---|
| | | Subpoena; Chinitz Subpoena; 9/24/14 Chinitz Letter; Chinitz Aff. ¶¶ 1-5; G&G Subpoena; 10/8/14 Greenbaum Letter (Leinbach Decl., Exs. 17, 18, 20, 21, 19, 23, 22); 10/20/14 Louis Schepp Email With Attachments (Reply Decl., Ex. 69)<br><br>Sonnenschein Nath & Rosenthal LLP (now Dentons US LLP) and Ed Klimerman, the law firm and lawyer that represented Arie during the divorce and in connection with the Divorce Stipulation, did not identify any responsive documents concerning the Sagi Promise Document or a Clawback in response to subpoenas by both Sagi and Orly. 8/26/14 and 10/15/14 Emails between Counsel (Leinbach Decl., Ex. 24).<br><br>Neither Sagi nor Dalia produced any contemporaneous document showing that the Sagi Promise Document or the November Document was ever provided to Orly or Arie before the Divorce Stipulation was executed. Sagi Production (Leinbach Decl. ¶ 27 and Ex. 28); 11/13/14 Orly Decl. ¶ 10 (Reply Decl., Ex. 80). |
| 3. | At the closing of the aforementioned Stipulation, Sagi executed a written document dated October 30, 2004 (the "Oct. 30, 2004 Promise Agreement") reflecting his oral promise to his mother. Parnes Decl. "C." Specifically, he agreed, upon demand, to pay Dalia an amount equal to all dividends, distributions, proceeds or other payments attributable to the TRI Shares. *Id.* | <u>Disputed in Part</u>. Sagi testified that Ed Klimmerman, Arie's lawyer, did not agree to the Sagi Promise Document being an integrated part of the Divorce Stipulation. Sagi 3/20/14 Dep. Tr. at 40:1-4 (Reply Decl., Ex. 89) ("What -- the one thing I do remember is there being a discussion between Carol Schepp and Ed Klimerman where Carol wanted to make this agreement an integrated part of the stipulation, and Ed did not want it."). <u>See also</u> each response disputing paragraph 2 above (as though set forth here again). |

| # | Plaintiff's Alleged Undisputed Fact | Response |
|---|---|---|
|  |  | The provision in the prior draft of the Divorce Stipulation that contained a form of Clawback to Dalia was removed from the final Divorce Stipulation that Dalia singed. 9/27/04 Draft Stipulation at, p. 13 (Reply Decl., Ex. 66); Divorce Stipulation, p. 12-14 (Leinbach Decl., Ex. 12). |
| 4. | Orly was on a yacht off of the coast of Fiji on October 30, 2004. Before Sagi executed the Oct. 30, 2004 Promise Agreement, Orly verbally agreed to indemnify Sagi for 50% of any payments he would have to make thereunder. Orly thereafter returned to the United States in early November 2004. *See* Parnes Decl. ¶ 5; Pennisi Decl., Exh "A," Tr. 30:8-30:18; Tr. 43:18-43:22; *Id.*, Exh. "G" at 0008-0010, Exh. "A.," Tr. 29:18-29:21 (Orly told Sagi: "if that's what moves the ball forward, it should be done; and that ... she'd back me, obviously 5050 on whatever we had to do"); Tr. 32:10-32:12 ("I read [the Nov. 10, 2004 Indemnity] to her, she said, 'Fine, whatever it is I'll back – backstop you 50-50.'"); Tr. 98:12-99:16 ("She said to me, 'Obviously whatever you think is correct and that it's 50-50 between us ... if that's what mom wants and it gets it closed, that's what we'll do.'"). | First Sentence Undisputed. All Other Sentences Disputed. Orly does not remember a phone call with Sagi on the day of Arie's divorce, but does remember another phone call with Ed Klimmerman involving other divorce matters. 11/13/14 Orly Decl. ¶ 5 (Reply Decl., Ex. 80). Orly believes she would remember a phone call with Sagi on that day if it happened. 11/13/14 Orly Decl. ¶ 5.<br><br>Neither the Divorce Stipulation and the attached exhibits contain any reference to the Sagi Promise Document or to the November Document. Divorce Stipulation With Exhibits (Reply. Decl., Ex. 65).<br><br>The Sagi Promise Document is unambiguous, is only signed by Sagi, and not Orly, and does not refer to any promise by Orly. Sagi Promise Document, Operative Complaint, Ex. A (Leinbach Decl., Ex. 1). The Drafts of the Sagi promise document that Sagi produced have signature blocks for both Orly and Sagi. 10/18/04 Email (Leinbach Decl., Ex. 58).<br><br>The provision in the prior draft of the Divorce Stipulation that contained a form of Clawback to Dalia was removed from the final Divorce Stipulation that Dalia |

| # | Plaintiff's Alleged Undisputed Fact | Response |
|---|---|---|
| | | singed. 9/27/04 Draft Stipulation at, p. 13 (Reply Decl., Ex. 66); Divorce Stipulation, p. 12-14 (Leinbach Decl., Ex. 12). <br><br> Ed Klimmerman was "attorney-in-fact" for Orly at the closing for the Divorce Stipulation, and signed on her behalf at the closing. See Indemnity Agreement, p. 5[4], Divorce Stipulation With Exhibits (Reply Decl., Ex. 65). <br><br> Neither Sagi nor Dalia produced any contemporaneous document showing that the Sagi Promise Document or the November Document was ever forwarded or provided to Orly prior to the execution of the Divorce Stipulation. Dalia Subpoena; Dalia Response to Subpoena; Demand for Sagi Documents; Sagi Production (Leinbach Decl. ¶ 27 and Exs. 25, 26, 27, 28). |
| 5. | Following her return to the United States, Orly executed a written document dated November 10, 2004 (the "Nov. 10, 2004 Indemnity") reflecting her earlier oral promises to her mother and Sagi. See Parnes Decl., ¶¶ 8-9, Exhs. "A" through "C." Specifically, Orly agreed to "indemnify, defend, and hold [Sagi] harmless, for and against one-half (1/2) of any and all payments, liabilities, damages, claims, actions, losses, settlements, penalties, judgments or obligations (each a 'Claim'), including [Sagi's] reasonable counsel and other professional fees, expenses and costs, which arise from [Sagi's] undertakings in the [Oct. 30, | Disputed. Orly does not remember a phone call with Sagi on the day of Arie's divorce, but does remember another phone call with Ed Klimmerman involving other divorce matters. 11/13/14 Orly Decl. ¶ 5 (Reply Decl., Ex. 80). Orly believes she would remember a phone call with Sagi on that day if it happened. 11/13/14 Orly Decl. ¶ 5. <br><br> Orly does not remember speaking to David Parnes about picking up a document when she returned from Fiji or that she left any document for David Parnes to pick up from my doorman at 1965 Broadway in New York City. 11/13/14 Orly Decl. ¶ 8 (Reply Decl. Ex. |

---

[4] The Indemnity Agreement is the last six pages of the Divorce Stipulation with exhibits. Divorce Stipulation With Exhibits (Reply Decl, Ex. 65).

| # | Plaintiff's Alleged Undisputed Fact | Response |
|---|---|---|
|  | 2004 Promise]." *Id.*, Exh. "B" and ¶ 9. | 80).<br><br>The Divorce Stipulation was already fully executed on November 10, 2004. Divorce Stipulation, pp. 1, 56-58 (Leinbach Decl., Ex. 12). The Divorce Stipulation is unambiguous and contains an "Entire Understanding" Clause that bars parole evidence or integration of the November Document. Divorce Stipulation, p. 53 (Leinbach Decl. Ex. 12). Neither Sagi nor Dalia produced any contemporaneous document showing that the Sagi Promise Document or the November Document was ever forwarded or provided to Orly prior to the execution of the Divorce Stipulation. Dalia Subpoena; Dalia Response to Subpoena; Demand for Sagi Documents; Sagi Production (Leinbach Decl. ¶ 27 and Exs. 25, 26, 27, 28).<br><br>The provision in the prior draft of the Divorce Stipulation that contained a form of Clawback to Dalia was removed from the final Divorce Stipulation that Dalia signed. 9/27/04 Draft Stipulation at, p. 13 (Reply Decl., Ex. 66); Divorce Stipulation, p. 12-14 (Leinbach Decl., Ex. 12). |
| 6. | On or about January 22, 2014, Dalia demanded $200,000 from Sagi under the Oct. 30, 2004 Promise (the "Demand"). *See* May 29 Sagi Decl., Exh. "D." | Undisputed. |
| 7. | On January 23, 2014, Sagi notified Orly of the Demand and his intention to pay the Demand. *See id.*, ¶ 6 and Exh. "D;" July 7 Sagi Decl. ¶ 7. | Disputed In Part. On January 23, 2014, Sagi only informed Orly that Dalia had made a demand. 11/13/14 Harris Decl. ¶ 3 (Reply Decl., Ex. 81). Sagi did not inform Orly or Orly counsel that he intended to pay this demand on that day or any day prior to his paying Dalia on |

6

| # | **Plaintiff's Alleged Undisputed Fact** | **Response** |
|---|---|---|
|  |  | February 3, 2014. 11/13/14 Orly Decl. ¶ 11; 11/13/14 Harris Decl. ¶ 3 (Reply Decl., Exs. 80, 81). |
| 8. | On January 24, 2014, Orly's counsel, Lance G. Harris, Esq., sent an email referencing that notice, and requested a written copy of Dalia's demand:<br><br>Clearly, the newly provided documents . . . require review and consideration on our part. To that end – can you provide me with original of the documents provided and a copy of the Dalia demand under the "promise."<br><br>Pennisi Decl., Exh. F. | Undisputed. |
| 9. | In response to Dalia's demand, Sagi paid Dalia $200,000. *See* Pennisi Decl., Exh. "A," Tr. 124:23-125-16; July 7 Sagi Decl., ¶ 9 and Exh. H; *see also* Dalia Decl. ¶ 2. | Undisputed. |
| 10 | On February 17, 2014, Sagi demanded $100,000 (equal to one-half the amount paid by Sagi to Dalia) from Orly under the Nov. 10, 2004 Indemnity. May 29 Sagi Decl., Exh. "E." | Undisputed. |
| 11. | To date, Orly has refused to reimburse Sagi in the amount of $100,000 under the Nov. 10, 2004 Indemnity. *Id.* Instead, she has denied the existence of the Nov. 10, 2004 Indemnity, and her counsel has alleged in open court that the document is a "forgery." | First Sentence Undisputed.<br><br>Second Sentence Disputed. At the initial case conference in the prior case (Civ. No. 14-1006), Orly counsel stated they believed the document was a forgery and would conduct diligence to determine this. Orly counsel hired an ink expert and document expert to do so. Counterstatement of Material Facts ¶ 85, |

7

| # | **Plaintiff's Alleged Undisputed Fact** | **Response** |
|---|---|---|
|   |   | n. 11. |

Dated:  New York, New York
        November 14, 2014

                                              ZEICHNER ELLMAN & KRAUSE LLP

                                              By: /s/ Bryan Leinbach
                                                  Yoav M. Griver
                                                  Bryan D. Leinbach
                                                  Attorneys for Defendant
                                                   Orly Genger
                                                  1211 Avenue of the Americas
                                                  New York, New York 10036
                                                  (212) 223-0400

#785673

8