ZEICHNER ELLMAN & KRAUSE LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

YOAV M. GRIVER
(212) 826-5338
ygriver@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

November 25, 2014

**BY ECF**

Hon. Katherine B. Forrest, U.S.D.J.
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007-1312

<u>**Sagi Genger v. Orly Genger, Case No. 14-5683 (KBF)**</u>
**(Orly Genger Letter Regarding Confidential Settlement Agreement)**

Dear Judge Forrest:

The June 16, 2013 Confidential Settlement Agreement ("2013 CSA") cannot cure the central failure of Sagi's case – there is still no consideration here.

A contract requires "bargained for" consideration. See <u>United States v. Hardwick</u>, 523 F.3d 94, 100 (2d Cir. 2008). Given this, there is no "scenario under which an agreement with a third party could retroactively create consideration for an agreement entered into with [another] party six years prior." 10/7/14 Order at 2 [Docket No. 26]. Sagi and Dalia were not parties to the 2013 CSA, and did not give or receive anything in the 2013 CSA. Further, none of Orly's claims, the Trump Group's claims, the underlying New York TRI Action, or the 2013 CSA, was contemplated, foreseen, mentioned, or bargained for in 2004. This alone forecloses any argument the 2013 CSA is "bargained-for" consideration for the 2004 documents.

Moreover, the Sagi Promise Document's only identified consideration is the Orly Trust and Sagi Trust's receipt of 794.40 shares of Trans-Resources, Inc. ("TRI").[1] It is now undisputed, however, that (i) the TRI shares were improperly transferred in 2004 and not legally received by Arie or the two Trusts, but reverted to TPR;[2] (ii) Sagi/TPR sold the TRI shares intended for the Orly

---

[1] Sagi's assertion that the Sagi Promise Document and November Document were conditions precedent to the Divorce Stipulation is conclusively belied by, among other things, the plain language of the Divorce Stipulation.

[2] See <u>Genger v. TR Investors, LLC</u>, 26 A.3d 180, 187 (Del. 2011) ("The Side Letter Agreement would be triggered only if the 2004 Transfers were judicially determined to be legally void. <u>In that event, the legal and beneficial ownership of those shares would be deemed to have remained with TPR</u>.") (emphasis added); see also <u>Genger v Genger</u>, 2014 N.Y. App. Div. LEXIS 5390 (1st Dept. July 24, 2014) ("On March 1, 2013, the Delaware Chancery Court's entered the final judgment order in <u>TR Invs., LLC v Genger</u>, (2013 WL 787117, [Del Ch Ct, March 1, 2013 No. 6697-CS]) a plenary action in which Arie was a defendant. The court ruled that the Trump Group had the right to buy, from TPR, <u>the TRI shares that had been improperly transferred to Arie in 2004</u>.") (emphasis added); <u>id.</u> ("A share transfer that violated those conditions [in the 2001 Stockholders Agreement with the Trump Group] would be

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Katherine B. Forrest, U.S.D.J.
November 25, 2014
Page 2

Trust to the Trump Group for $10.3 million (and the other TRI shares for $34 million); and (iii) Sagi/TPR has the entire $44 million. The Orly Trust has never received the TRI shares or the proceeds from the sale of the TRI shares. The 2013 CSA does not change these essential facts.

Sagi contends the 2013 CSA is consideration because it sells Orly Trust rights to the TRI shares. Sagi is wrong. Nothing in the 2013 CSA (i) disavows Orly Trust rights to the TRI shares; (ii) re-sells the Orly Trust TRI shares for additional monies; or (iii) gives the Orly Trust any of the $10.3 million in proceeds.[3] Nor could the 2013 CSA do any of those things.

Orly is party to the 2013 CSA, but only in her individual and beneficiary capacities. 2013 CSA at 1, 32. Sagi/TPR have long conceded that Orly Trust claims do not belong to, and cannot be compromised by, Orly as an individual or as beneficiary. See Sagi/TPR Objection to Stipulation ¶ 7 (Orly Trust claims not Orly claims) (**Ex. 1**); Corrected Aff. of Schretzman re Sagi/TPR motion ¶ 23 (Orly Trust claims not beneficiary claims) (**Ex. 2**). The Orly Trust and its claims are expressly excluded from the 2013 CSA.

The 2013 CSA is executed by the "AG Group," which includes Orly Genger as an individual and Orly Trust beneficiary. 2013 CSA at 1. The Orly Trust is a "Sagi Group" member that is not a settling party. Id. at 3. The 2013 CSA acknowledges that no Orly Trust claims ware released by directing the AG Group to take necessary actions to "cause the Orly Genger 1993 Trust to release any and all claims against the Trump Group Released Parties" in the future. Id. at 16. If the 2013 CSA released Orly Trust claims, this provision would be meaningless. Finally, the 2013 CSA lifts the pre-existing injunction preventing Dalia from prosecuting, as Trustee of the Orly Trust, her Dalia Delaware Action regarding beneficial ownership of the TRI shares against TPR and the Trump Group. 2013 CSA at 5-6.

The actual "so-ordered" Second Amended Stipulation of Discontinuance with Prejudice resulting from the 2013 CSA (the "July 1 Stip.") (**Ex. 3**) includes handwritten corrections confirming Orly is not settling Orly Trust claims (pg. 1); lifts all restrictions on the Dalia Delaware Action so the Orly Trust can prosecute its claims (¶ 3); and does not include previous language declaring the Trump Group owners of the TRI shares. All this demonstrates Sagi is wrong: the Orly Trust claims to the TRI shares are not settled by the 2013 CSA. Indeed, Sagi already has lost this fight. Specifically, Sagi, TPR, and the Sagi Trust moved in New York Supreme Court, asking that the Orly Trust Trustee (Dalia Genger) "review and approve" the 2013 CSA, because Orly was settling Orly Trust claims. The New York Court reviewed the 2013 CSA and then denied the motion, because no Orly Trust claims were being compromised. See Orly Br. at 2, (**Ex. 4**) (observing that Orly Trust may still "pick up the cudgel" against the Trump Group and pursue its Orly Trust claims against them).

---

void, the shares would revert to TPR, and the non-selling TRI Shareholders would have the right to purchase the invalidly transferred shares at their fair market value on the transfer date.") (emphasis added).

[3] On page 2 of the 2013 CSA, the Trump Group merely abandons its claims to the $10.3 million, leaving the Orly Trust's claims (and TPR's claims) to those monies unimpeded.

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Katherine B. Forrest, U.S.D.J.
November 25, 2014
Page 3

      Post-settlement, beneficial ownership of the "Orly Trust TRI Shares" was decided, but by the Dalia Delaware Action, <u>not by the 2013 CSA</u>. In August 2013, the Orly Trust (by Dalia), TPR (by Sagi), and the Trump Group agreed that "the Trump Group owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to all authorized and issued shares of Trans-Resources." So-Ordered Delaware Stipulation at ¶ 2 (**Ex. 5**). TPR/Sagi then argued to Judge Keenan that the <u>Delaware Chancery Court</u> had determined beneficial ownership:

> [O]nce a court had ruled upon beneficial ownership of the TRI shares, that ruling would automatically determine beneficial ownership of the sales proceeds for those same shares.
>
> And that is what then happened. . . . [I]n 2013 the [Dalia] Delaware case proceeded to a Stipulation of Dismissal, which was so ordered by the Chancery Court. In it, the Orly Trust's declaratory judgment claim was "dismissed with prejudice," the 2004 transfer of the TRI shares to the Orly Trust was deemed "void," and the Trump Group were held to be beneficial owners of the shares "pursuant to and under the terms of the Side Letter Agreement between TPR and the Trump Group entered into in August 2008." Decl. ¶¶ 1-2, 4.

TPR Reply Br. at 4 (**Ex. 6**). Judge Keenan adopted this argument. See <u>TPR v. Pedowitz & Meister LLP</u>, 2014 U.S. Dist. LEXIS 67116, *5-6 (S.D.N.Y. May 15, 2014) ("As part of a stipulation dismissing the action in Delaware Chancery Court, the parties to that action – TPR/Sagi, the Trump Group, and Dalia, but not Arie or Orly – agreed that the Trump Group is the rightful owner of the Orly Trust Shares."). The First Department also adopted this argument:

> When the complaint was filed, it had only been determined that TPR was the shares' record owner, but the Delaware Chancery Court has now also ruled that TPR is the shares' beneficial owner (Stipulation & Proposed Order of Dismissal, Dalia Genger v TR Invs., LLC [Del Ch Ct, Aug. 30, 2013] [C.A. No. 6906-CS]).

<u>Genger v. Genger</u>, 2014 N.Y. App. Div. LEXIS 5390, *13 (1st Dept. July 24, 2014). Having convinced two courts that the Delaware Stipulation conferred beneficial ownership on the Trump Group, TPR cannot now claim the 2013 CSA did that instead.

## CONCLUSION

      Sagi got all the shares. Sagi got all the share proceeds. Unsatisfied, he and Dalia try to claim 50% of anything else Orly has. Their efforts fail because the 2013 CSA does not cure the lack of consideration. The Court should grant Summary Judgment in Orly's favor.

                                    Respectfully submitted,

                                      Yoav M. Griver
                                      Counsel for defendant Orly Genger