USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 9, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                          :

SAGI GENGER,                             :

                     Plaintiff,       :

                                   :

               -v-             :              14-cv-5683 (KBF)

                                   :

ORLY GENGER,                       :           OPINION & ORDER

                                   :

               Defendant.     :

                                   :
------------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

On January 5, 2015, this Court granted summary judgment for plaintiff Sagi Genger ("Sagi") against defendant Orly Genger ("Orly").  (ECF No. 94 ("SJ Op.").)  Sagi filed a motion for attorneys' fees, expenses and costs on January 20, 2015 (ECF No. 100),[1] as well as supporting documentation (Declaration of John Dellaportas, ECF No. 101 ("Dellaportas Decl.")).  Orly filed her opposition on February 19, 2015 (ECF No. 110), as well as supporting documentation (Declaration of Bryan D. Leinbach, ECF No. 109 ("Leinach Decl.")).  Sagi submitted a letter to correct errors in his initial submissions on February 22, 2015.  (ECF No. 111.)  For the reasons set forth below, Sagi's request for attorneys' fees is GRANTED IN PART and DENIED IN PART, and the Court awards Sagi a total of $150,059.01 in attorneys' fees.

---

[1] Although the Court initially denied the motion on January 23, 2015, instructing the parties that that the Court's Orders and Judgments Clerks would handle the fee request (ECF No. 103), the Court clarified that it did so in error in an order dated February 5, 2015 (ECF No. 108).

I.       LEGAL STANDARD

A district court has "considerable discretion" in determining what constitutes

a reasonable fee award.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty.

of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  In order to determine an appropriate

fee award, courts typically start with the lodestar amount, which is "the number of

hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007) (citing Hensley v. Eckerhart, 461

U.S. 424, 433 (1983)); see also Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d

504, 506 (S.D.N.Y. 2012) (explaining that "[t]he Supreme Court recently approved

the lodestar approach over the more discretionary approach that had been adopted

by the 5th Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–

19 (5th Cir. 1974)").  Counsel for the prevailing party must submit "evidence

supporting the hours worked and rates claimed," and "should make a good faith

effort to exclude from a fee request hours that are excessive, redundant, or

otherwise unnecessary."  Hensley, 461 U.S. at 433-34.  Contemporaneous billing

records are required.  N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711

F.2d 1136, 1148 (2d Cir. 1983); see also Scott v. City of N.Y., 626 F.3d 130, 132 (2d

Cir. 2010) (per curiam).  Such records should "specify, for each attorney, the date,

the hours expended, and the nature of the work done."  Carey, 711 F.2d at 1148.

A reasonable hourly rate is based on "the [current] prevailing market rate for

lawyers in the district in which the ruling court sits."  Anthony, 844 F. Supp. 2d at

507; see also Costello v. Flatman, No. 11 Civ. 287, 2013 WL 1296739, at *4

(E.D.N.Y. Mar. 28, 2013) ("A reasonable hourly rate is 'the rate a paying client

2

would be willing to pay . . . bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'") (alterations in original) (quoting Arbor Hill, 522 F.3d at 190)).  "A court may determine the reasonable hourly rate by relying both on 'its own knowledge of comparable rates charged by lawyers in the district,' as well as on 'evidence proffered by the parties.'" Adorno v. Port Auth. of N.Y. & N.J., 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (quoting Farbotko v. Clinton Cnty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005); Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004)).  The Court should consider the rates charged "by lawyers of reasonably comparable skill, experience, and reputation."  Farbotko, 433 F.3d at 208.  The burden of proof is on the fee applicant to produce evidence of the relevant market and the rate charged in that market. See Hensley, 461 U.S. at 433; Blum v. Stevenson, 465 U.S. 886, 895 n.11 (1984).

In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour.  E.g., Malletier v. Artex Creative Int'l Corp., 687 F. Supp. 2d 347, 360 (S.D.N.Y. 2009) ($540 for partner with 24 years of experience); Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. Ltd. Liab. Co., 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) ($735 for partner); Sub–Zero, Inc. v. Sub Zero N.Y. Refrigeration & Appliances Servs ., Inc., No. 13-CV-2548, 2014 WL 1303434, at *8-9 (S.D.N.Y. Apr. 1, 2014) ($485 for partner with 16 years of experience).  New York district courts have also recently approved rates for law firm associates in the range of $200 to $450 per hour, e.g., Malletier, 687 F. Supp. 2d at 361-62 (noting that associate rates of $390 to $470 "fall at the

very top of the spectrum of reasonable hourly rates for associates," and approving associate rates ranging from \$200 to \$390.10 as reasonable), and for law firm paralegals in amounts of approximately \$200 per hour, e.g., Spring Commc'ns Co. v. Chong, No. 13 Civ. 3846(RA), 2014 WL 6611484, at \*8 (S.D.N.Y. Nov. 21, 2014) (collecting cases).

A court may apply an across-the-board reduction to effectuate the reasonable imposition of fees.  See, e.g., Kahlil v. Original Old Homestead Rest., 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009) ("It is well established that across-the-board reductions are appropriate when billing records are voluminous and numerous billing entries are in dispute."  (internal quotation marks omitted)); Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 389 (S.D.N.Y. 2000) ("[R]ather than reducing a certain number of unreasonably billed hours, the Court will make an across-the-board percentage cut in plaintiffs' fee award as is necessary and appropriate."). Across-the-board reductions in the range of 15% to 30% are appropriate when block billing is employed.  See, e.g., Source Vagabond Sys. v. Hydrapak, Inc., No. 11 Civ. 5379 (CM) (JLC), 2013 U.S. Dist. LEXIS 4853, at \*41-42 (S.D.N.Y. Jan. 11, 2013) (collecting cases), adopted as modified by 2013 U.S. Dist. LEXIS 25669 (S.D.N.Y. Jan. 11, 2013).

II.   DISCUSSION

Under his indemnity agreement with Orly dated November 10, 2004 (the "2004 Indemnity"), Sagi is entitled to obtain one half of his "reasonable counsel and other professional fees, expenses and costs, which arise from [his] undertakings in

the [2004] Promise."[2]  (See Dellaportas Decl. ex. G.)  Sagi seeks a total of

$186,159.38[3] in attorneys' fees, expenses and costs, which consists of one half of the

total of: (1) $353,030.75[4] in fees billed by Morgan, Lewis & Bockius LLP ("Morgan

Lewis"); (2) $7,822 in associated expenses and costs; and (3) $11,466 professional

fees for handwriting/ink experts.  (ECF Nos. 102, 111.)  In support of his request for

attorneys' fees, Sagi has submitted a summary of the tasks, hours, rates, and costs

incurred by his counsel, which details on a daily basis: (1) the names of timekeepers

who worked on the litigation; (2) how many hours each timekeeper charged; (3) the

total charge for each timekeeper; and (4) a summary of the tasks the timekeepers

performed.  (See Dellaportas Decl. ex. A.)

The Court finds that the billing rates charged by Sagi's legal team are

reasonable.  The highest rate charged is $615 per hour, and the highest rate

charged for an associate with less than a decade of experience is $395.[5]

(Dellaportas Decl. ¶ 7.)  Both are within the range of rates approved as reasonable

by courts in this District.  While the paralegal rates of $260-80 per hour might

reflect some degree of largesse, the Court notes that Orly has not specifically

---

[2] The 2004 Indemnity and the 2004 Promise are described in the Court's summary judgment opinion. (See SJ Op. at 4-5.)

[3] In Sagi's initial submission he sought a total of $187,682.  (ECF No. 102 at 2.)  However, after receiving Orly's opposition papers, Sagi submitted a letter indicating his agreement not to request $1,522.63 of the fees he initially requested due to time entries corresponding with other matters. (ECF No. 111.)

[4] This amount is equal to the $356,076 initially requested by Sagi (ECF No. 102 at 2) minus the $3,045.25 Sagi subsequently agreed not to request (ECF No. 111).

[5] Although the $575 per hour rate charged by Mr. Shanker could be seen as unreasonable for an associate, Mr. Shanker has thirteen years of legal experience (Dellaportas Decl. ¶ 7), and his billing rate is more properly assessed on the scale of reasonableness for billing by partners, rather than that for associates.

objected to the rates, and they are not so far off from the rates previously approved as reasonable by courts in this District to justify imposing a reduced paralegal billing rate under the facts and circumstances of this case.  Accordingly, the Court finds that the rates for which Sagi seeks reimbursement are reasonable.

The Court further finds that the total number of hours billed by Sagi's legal team—which consists of 569.5 hours of lawyers' time and 345.1 hours of paralegals' time spread across a considerable amount of discovery and the briefing of four dispositive motions—is reasonable.  Orly argues that the amount of time and money spent on this case by Sagi's legal team was excessive, considering that Sagi's fee request exceeds the total value of this litigation, through which Sagi has vindicated his right to $100,000 in contract damages from Orly.  While Orly's argument would carry water in a garden-variety breach of contract case, this action differs from the usual scenario in that the contract at issue imposes continuing obligations on the parties, such that its true economic impact on the parties is likely to greatly exceed the exact amount of damages sued over.  The stakes in this case are in fact higher than first meets the eye.  Further, the Court notes that as Sagi and Orly are siblings, who litigated this case quite litigiously, the parties' emotional stakes in the case likely led to more lawyering than would ordinarily have been necessary to reach the truth and justice of the matter.  Orly was hardly an innocent party in this regard, as demonstrated by her initial argument (which she later dropped) that the 2004 Indemnity was forged by Sagi and that Sagi was practicing a fraud on the Court.  (See SJ Op. at 5 n.8.)

6

Nevertheless, some reductions to the fees, expenses and costs requested by Sagi are appropriate.  First, Orly argues that Sagi's request includes $11,142 in fees for work done on other cases.  (See ECF No. 110 at 6-8; Leinbach Decl. ex. 3.)  Sagi agrees that $1,522.63 of the fees charged pertain to work on other cases, and has already reduced his fee request accordingly.  (See ECF No. 111.)  The Court agrees with Orly that Sagi's fee request should not include those $11,142 in fees, and accordingly reduces Sagi's fee award by the difference between the $11,142 cited by Orly, and the $1,522.63 already accounted for by Sagi, for a total reduction of $9,619.37.  Second, the Court will reduce Sagi's fee request by 15% because the bills on which his fee request is based use block billing and group multiple tasks together within single time entries, without distinguishing between the time spent on each task.[6]

The Court therefore awards $150,059.01, which is calculated as follows: Sagi's total fee request of $186,159.38, minus $9,619.37 for work billed on other cases (which is the difference between the amount Orly contends was billed on other cases, $11,142.00, and the amount Sagi has already agreed was billed on other cases, $1,522.63), reduced by 15 percent.

---

[6] Orly argues that Sagi's request should be reduced by $60,736.25, which is the amount in fees relating to this case's predecessor action, also titled Genger v. Genger, which this Court dismissed due to lack of diversity.  (14-cv-1006 ECF No. 52.)  The Court declines to do so.  First, as is evident from the Court's reasoned order dismissing the earlier action, the lack of diversity at the time that action was filed was not so obvious as to make Sagi's filing of the suit in federal court wholly unjustifiable.  Second, much of the work completed by Sagi's counsel in litigating the prior action carried over to the instant action and aided in its expeditious resolution.

III.    CONCLUSION

For the reasons set forth above, Cross Commerce's motion for attorneys' fees is GRANTED IN PART and DENIED IN PART.  The total fees, expenses and costs award to Sagi is $150,059.01.

SO ORDERED.

Dated:      New York, New York
            March 9, 2015

_____
            KATHERINE B. FORREST
            United States District Judge