```
                                                         ┌─────────────────────────────┐
                                                         │ USDC SDNY                   │
                                                         │ DOCUMENT                    │
                                                         │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT                             │ DOC #: _____      │
SOUTHERN DISTRICT OF NEW YORK                            │ DATE FILED: May 30, 2017    │
------------------------------------------------------X  └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SAGI GENGER,

                      Plaintiff,           14-cv-5683 (KBF)

       -v-

                                         ORDER

ORLY GENGER,

                      Defendant.

------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

       This case was referred to the Honorable Debra C. Freeman for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). (ECF No. 149.) On May 22, 2017, Judge Freeman issued a Report and Recommendation ("R&R") on plaintiff's motion for post-judgment fees and costs incurred in connection with defendant's appeal and the present motion. (ECF No. 159.) Objections by the parties to this R&R were to be filed on or before June 6, 2017.[1] 28 U.S.C. § 636(b)(1). Plaintiff timely objected to the portion of the R&R that recommending reducing plaintiff's presumptively reasonable fees by 50%, to $64,875.70. (ECF No. 166.) Defendant opposed plaintiff's objection but did not separately interpose objections to the R&R. (See ECF No. 167.)

---

[1] The R&R was signed May 22, 2017, and thus states that objections were due not later than June 5, 2017. However, the docket reflects that the R&R did not post to the docket—and therefore was not served by ECF—until the next day, May 23, 2017. (See ECF No. 159.) The deadline for filing objections was therefore June 6, 2017. See 28 U.S.C. § 636(b) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

"If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" United States v. Romano, 794 F.3d 317, 340 (2d Cir. 2015) (quoting 28 U.S.C. § 636(b)); see also Fed. R. Civ. P. 72(b)(3). The Court therefore reviews the R&R's 50% reduction in plaintiff's fees de novo.

Plaintiff is contractually entitled to 50% of "reasonable counsel and other professional fees, expenses and costs" arising from enforcing the 2004 Indemnity Agreement between plaintiff and defendant. (See ECF No. 142, Ex. A.) Plaintiff has twice before been awarded such fees in this litigation. (See ECF Nos. 112, 137.) Plaintiff's current motion requests $172,997.60, for 50% of fees incurred during the period from February 23, 2015, to the date of plaintiff's motion. (See ECF No. 124-2.)

As discussed in the Court's March 9, 2015, fee-award opinion at ECF No. 112, a district court has "considerable discretion" in determining what constitutes a reasonable fee award. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). Courts typically start a "lodestar" calculation of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A party seeking fees must submit "evidence supporting the hours worked and rates claimed," and "should make a good faith effort to exclude from a fee request hours that are excessive,

2

redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433-34. Contemporaneous billing records "specify[ing], for each attorney, the date, the hours expended, and the nature of the work done" are required. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

A court may apply an across-the-board reduction to effectuate the reasonable imposition of fees. See, e.g., Kahlil v. Original Old Homestead Rest., 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009) ("It is well established that across-the-board reductions are appropriate when billing records are voluminous and numerous billing entries are in dispute." (internal quotation marks omitted)); Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 389 (S.D.N.Y. 2000) ("[R]ather than reducing a certain number of unreasonably billed hours, the Court will make an across-the-board percentage cut in plaintiffs' fee award as is necessary and appropriate."). Across-the-board reductions are appropriate when block billing is employed. See, e.g., Source Vagabond Sys. v. Hydrapak, Inc., No. 11-cv-5379, 2013 U.S. Dist. LEXIS 4853, at *41-42 (S.D.N.Y. Jan. 11, 2013) (collecting cases), adopted as modified by 2013 U.S. Dist. LEXIS 25669 (S.D.N.Y. Jan. 11, 2013).

The R&R reduced the hourly rates submitted by plaintiff's counsel to those previously approved by this Court. (ECF No. 159 at 6-7.) The Court agrees that such reductions were appropriate given the Court's previous rulings on the appropriate hourly rates, and plaintiff does not object to these reductions.

As the R&R noted in recommending a 50% reduction in fees, plaintiff's counsel's invoices submitted in support of its motion contain errors and problematic

3

vagueness. First, there are significant discrepancies between the total billing hours recited in the declaration supporting this motion, (ECF No. 142), and those documented in the invoices submitted by plaintiff's counsel, (ECF No. 142-2). Second, the nature of the work performed described in partners' time entries, such as "legal and factual research," is not a reasonable expenditure of time at partner rates and likely could have been performed by associates at a much lower rate. (See ECF No. 142-2.) Third, plaintiff's counsel continued the practice of block billing despite this Court's previous admonition that block billing makes it difficult for the Court to determine how much time was spent on a particular task and, therefore, whether the time expended was reasonable. This Court therefore agrees with the R&R that an across-the-board 50% reduction to account for these significant issues is appropriate. See Marisol A. ex rel. Forbes, 111 F. Supp. 2d at 389.

Plaintiff's counsel objects that the 50% reduction was premised on the R&R's allegedly incorrect conclusion that the billable time reasonably required to represent plaintiff on appeal was significantly less than that reflected in the invoices. The Court is aware that defendant has unnecessarily prolonged this action, both before this Court and before the Court of Appeals. However, the R&R correctly determined that a reduction in fees was appropriate due to the aforementioned problems with plaintiff's submissions, including block billing and excessive performance of low-level tasks by senior partners, which render the amount requested not "reasonable" under the terms of the Indemnity Agreement. Therefore, pursuant to an independent analysis, the Court agrees with Judge

4

Freeman that a 50% reduction in fees is appropriate and conforms to the terms of the parties' agreement to shift "reasonable" fees.

The Court hereby adopts the Report and Recommendation in its entirety and awards plaintiff $64,875.70 in fees and $2,733.77 in costs. The Clerk of Court is directed to close the motion at ECF No. 141.

SO ORDERED.

Dated:     New York, New York
            May 30, 2017

_____
KATHERINE B. FORREST
United States District Judge